**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT BOSCH GMBH AND ROBERT BOSCH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Civil Action No. 26-cv-08930 |

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

The Court has considered the Motion for a Preliminary Injunction (the "Motion") filed by Plaintiffs Robert Bosch GmbH and Robert Bosch LLC (collectively, "Plaintiffs" or "BOSCH"). Based on the papers, oral arguments made at the hearing, and other evidence submitted in support of the Motion, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Robert Bosch GmbH owns U.S. Trademark Registration Nos. 1,637,401 and 5,440,334, and Robert Bosch LLC owns U.S. Trademark Registration No. 3,761,323 for HYDRO-BOOST. These registrations, collectively defined as the "Bosch Trademarks," are valid and subsisting, identify goods originating from Plaintiffs, and cover products that Plaintiffs develop, manufacture, market, sell, or distribute as authorized BOSCH products (the "BOSCH Products"). Plaintiffs are likely to prevail on their trademark infringement and counterfeiting claims at trial.

2. As a result of Defendants' misconduct, Plaintiffs are likely to suffer immediate and irreparable losses, damages, and injuries:

a. Defendants, without any authorization or license from Plaintiffs, use the seller aliases identified on Schedule A to the Complaint (the "Seller Aliases") to advertise, offer for sale, sell, and ship to consumers in the United States, including consumers in New York and the Southern District of New York, unauthorized counterfeit products bearing the Bosch Trademarks (the "Infringing Products"). The active Seller Aliases, visual characteristics of the listed products, pricing, shipping availability, and Defendants' lack of authority to use the Bosch Trademarks support a finding that the products are counterfeit and infringing. Defendants use associated accounts on online marketplaces and with payment processors, including Amazon and PayPal (the "User Accounts"), in connection with this conduct.

b. Defendants' unauthorized use of the Bosch Trademarks on Infringing Products is likely to cause consumer confusion and deprives Plaintiffs of control over the nature and quality of products bearing the Bosch Trademarks. Because HYDRO-BOOST products are safety-critical automotive brake components, the sale of counterfeit versions poses a risk of physical injury to consumers. Resulting harm to Plaintiffs' reputation, goodwill, brand confidence, quality control, exclusivity, future sales, market share, and to consumer safety is difficult to quantify and cannot be adequately remedied by monetary damages alone.

c. Plaintiffs have well-founded fears that, absent continued restraint, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products

and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiffs, their businesses, and the goodwill and reputation built up in and associated with the Bosch Trademarks if a preliminary injunction order is not issued. The public interest favors the issuance of a preliminary injunction to prevent the sale of counterfeit goods, the resulting consumer confusion, and the potential safety hazards posed by counterfeit automotive brake components.

4. Plaintiffs exercised reasonable diligence to identify and verify a current physical address for each Defendant, but, as described in the Declaration of Yingchun Hou and Exhibit 1 thereto, were unable to verify a current physical address for any Defendant. The Hague Service Convention therefore does not apply under Article 1, and service of the Summons and Complaint by e-mail under Rule 4(f)(3) is not prohibited by international agreement. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

**ORDER**

The injunctive relief previously granted in the temporary restraining order (the "TRO") shall remain in place through the pendency of this action, and issuing this Order is warranted

under Federal Rule of Civil Procedure 65, 15 U.S.C. §§ 1114, 1116(a) and (d), 1117, and 1125(a). Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Motion for a Preliminary Injunction is hereby **GRANTED,** and it is **ORDERED** as follows:

1. As sufficient cause has been shown, Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, are hereby enjoined and restrained from engaging in any of the following conduct pending the final hearing and determination of this action or until further order of the Court:

   a. manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

   b. manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the Bosch Trademarks, or any reproductions, copies, or colorable imitations thereof, other than genuine products manufactured or distributed by Plaintiffs or their authorized manufacturers and distributors;

   c. destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

   d. using the Bosch Trademarks on or in connection with any Seller Alias that any Defendant may own, operate, or control on any online marketplace (each, a "Marketplace");

   e. any and all use of the Bosch Trademarks as metatags, on any webpage (including the title of any web page), in any advertising links to other

websites, from search engines' databases or cache memory, or any other form of use of such terms that is visible to a computer user or serves to direct computer searches to any Seller Alias, website, or online presence registered, owned, or operated by any Defendant; and

f. altering, disabling, closing, or transferring ownership of any Seller Alias on any Marketplace, or creating, registering, or operating any new Seller Alias or account on any Marketplace to advertise, offer for sale, sell, or distribute Infringing Products, during the pendency of this action, or until further Order of the Court.

**Asset Restraint**

2. Pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure, N.Y. C.P.L.R. § 6201, and this Court's inherent equitable authority to preserve effective final relief, as sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including the following:

a. within five (5) days of receipt of service of this Order, Amazon.com ("Amazon"), PayPal, Inc. ("PayPal"), and any other banks, payment processors, online marketplaces, or financial institutions maintaining accounts or assets for Defendants and receiving actual notice of this Order (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets"), and shall locate, attach, and restrain the transfer or disposal of monies or funds currently held in or subsequently deposited into or received by Defendants'

Accounts, as well as the transfer or disposal of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall promptly provide written confirmation of their compliance with the foregoing to Plaintiffs.

**<u>Expedited Discovery</u>**

3. As sufficient cause has been shown, the expedited discovery order previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a. within five (5) days of receipt of service of this Order, the Financial Institutions, registrars and other third parties that have discoverable contact and financial information related to Defendants shall provide the following information to Plaintiffs' counsel (to the extent such information is in their possession, custody, or control): (i) identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution; (ii) any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto); (iii) information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution; and (iv) all transaction records, sales histories, and revenue data relating to the sale of any products bearing or advertised using the Bosch Trademarks by Defendants, including Infringing Products.

4. As sufficient cause has been shown, Plaintiffs are authorized to conduct expedited discovery, including that:

a. Plaintiffs may serve interrogatories and requests for production of documents, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York, and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce the documents requested within seven (7) days after service of this Order on Defendants, to Plaintiffs' counsel.

**<u>Service by Electronic Mail and Other Electronic Means</u>**

5. Pursuant to Fed. R. Civ. P. 4(f)(3), because sufficient cause has been shown, service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to, Defendants if it is completed by the following means:

a. Delivery to each Defendant of: (i) PDF copies of this Order together with the Summons and Complaint; and (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application (the "Link"), by e-mail to any address associated with that Defendant or its Seller Alias, whether provided by a Financial Institution, registrar, platform, or payment intermediary, or independently identified by Plaintiffs, or, if no such e-mail address is available, by forwarding through an electronic messaging function associated with that Defendant's Seller Alias.

**<u>Security Bond</u>**

6. The $1,500.00 bond posted by Plaintiffs, which the Court finds sufficient given

the strength of Plaintiffs' case and the nature of Defendants' infringing conduct, shall remain with the Court until a final disposition of this case or until this Order is terminated.

**Application to Vacate or Dissolve**

7. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs, or on shorter notice as set by this Court.

SO ORDERED.

Dated: 11/2, 2026

Judge Jed S. Rakoff
UNITED STATES DISTRICT JUDGE

**SCHEDULE A**

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | BoxuaNstoRE | Amazon | A3VPJQ40UHQM9K |
| 2 | FuYangTouYangShangMaoYouXianGongSi | Amazon | A3TP1SUVJBWORI |
| 3 | guangzhoushengzhongshangmaoyouxiangongsi | Amazon | A2ND257GCXXRA9 |
| 4 | handanshimiaochanshangmaoyouxiangongsi | Amazon | A2K0HGE7MH8KP1 |
| 5 | hesiyuanGD | Amazon | A187UOD8Y53X6T |
| 6 | huianzhoucidianzishangwuyouxiangongsi | Amazon | A22CO4S2TAAHF9 |
| 7 | Jinmeng shop | Amazon | A3KIY9E72AT48Y |
| 8 | leexxy | Amazon | A3Q1EKPY7GQF4V |
| 9 | LUOLINZI | Amazon | A1AWBU8BV8GK95 |
| 10 | taoxiaopang | Amazon | A1PVMNLAN1YVFH |
| 11 | wangfushangmao | Amazon | A2CDPV1CU63EF9 |
| 12 | zhengzhouyunheshangmaoyouxiangongsi | Amazon | A3421WTZLGKTEM |
| 13 | ZZJuLi | Amazon | A36S3371NQ1G1Q |